# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG DIVISION

**FILED**

MAY 2 9 2002

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**ROBERT HART,**

    Plaintiff,

v.

**THE CHRISTIAN BROADCASTING
NETWORK, INC., AMERICAN CENTER
for LAW AND JUSTICE, INC., JON
GIGLIOTTI,** individually, and **JOHN
STEPANOVICH,** individually,

    Defendants.

CIVIL ACTION NO. *1:02 cv 73*
(Removed from the Circuit Court
 of Monongalia County
 Civil Action No. 02-C-284)

---

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS AMERICAN CENTER FOR LAW AND JUSTICE, CHRISTIAN BROADCASTING NETWORK, AND JOHN STEPANOVICH

COME NOW, the Defendants, The American Center for Law and Justice, Inc. ("ACLJ"), The Christian Broadcasting Network, Inc. ("CBN"), and John Stepanovich, by counsel, Charles J. Crooks and April Min, Jackson & Kelly PLLC, and for their answer and affirmative defenses to the Plaintiff's complaint state as follows:

### NOTICE OF SPECIAL APPEARANCE

In accordance with the United States Constitution, the Defendants, the ACLJ, CBN and John Stepanovich, hereby specially appear and do hereby preserve their objections to the exercise of personal jurisdiction over them by any West Virginia court, state or federal, on the grounds that these Defendants lack sufficient minimum contacts or ties with said

forum state, such that maintenance of this action would offend traditional notions of fair play and substantial justice.  Accordingly, these Defendants reserve the right to move for dismissal of this civil action upon these grounds and intend no waiver by the presentation of their answers and affirmative defenses.

## ANSWER

With respect to the allegations contained in the complaint, the Defendants answer as follows:

1.  The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Plaintiff's complaint.

2.  The Defendants admit that CBN is a corporation incorporated in the State of Virginia with its principal place of business in Virginia.

3.  The Defendants admit that the ACLJ is a corporation incorporated in the State of Virginia with its principal place of business in Virginia.

4.  The Defendants deny the allegations set forth in paragraph 4 of the Plaintiff's complaint.  The Defendants state further that Jon Gigliotti was never associated with ACLJ as its servant, employee or agent and state further that Jon Gigliotti was a security officer with CBN until his termination by lay-off effective June 19, 1995.

5.  The Defendants deny that Defendant John Stepanovich was an executive with the ACLJ, as set forth in paragraph 5 of the Plaintiff's complaint.  The

2

Defendants admit that during 1997 Defendant Stepanovich was employed as an attorney with the ACLJ.

6. The Defendants deny the allegations set forth in paragraph 6 of the Plaintiff's complaint.

7. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Plaintiff's complaint regarding any alleged meeting between Defendant Gigliotti and the Plaintiff in Elkins, West Virginia.  The Defendants further deny that Mr. Gigliotti was their servant, employee or agent, and further deny that he was sent to West Virginia by the Defendants CBN and ACLJ.  The Defendants deny all remaining allegations set forth in paragraph 7 of the Plaintiff's complaint.

8. The Defendants are without information or knowledge sufficient to form a belief of the truth of the allegations set forth in paragraph 8 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants deny the remaining allegations set forth in paragraph 8 as they relate to these Defendants.

9. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Plaintiff's complaint with respect to any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining

3

allegations set forth in paragraph 9 as they relate to these Defendants.

10.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Plaintiff's complaint with respect to any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 10 as they relate to these Defendants.

11.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Plaintiff's complaint with respect to any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 11 as they relate to these Defendants.

12.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Plaintiff's complaint with respect to any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 12 as they relate to these Defendants.

13.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Plaintiff's complaint.

14.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the

Plaintiff's complaint as to any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 14 and aver that any allegations regarding a civil action styled *Lemley v. Perkins* are not pertinent to the claims alleged by the Plaintiff in his complaint.

15.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Plaintiff's complaint with respect to any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 15 as they relate to these Defendants.

16.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Plaintiff's complaint.

17.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further admit that Defendant Stepanovich did at one time file a notice of appearance as legal counsel for Patricia Lemley in a civil action in the Circuit Court of Monongalia County, West Virginia, but deny that such allegations set forth in paragraph 17 of the Plaintiff's complaint are pertinent or material to the claims alleged by the

Plaintiff in his complaint.

18.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Plaintiff's complaint.

19.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Plaintiff's complaint.

20.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Plaintiff's complaint.

21.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Plaintiff's complaint.

22.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 22 as they relate to these Defendants.

23.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may

have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 23 as they relate to these Defendants.

24.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Plaintiff's complaint.

25.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 25 as they relate to these Defendants.

26.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Plaintiff's complaint.

27.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Plaintiff's complaint.

28.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.  The Defendants further deny the remaining allegations set forth in paragraph 28 as they relate to these Defendants.

29.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 29 as they relate to these Defendants.

30.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Plaintiff's complaint.

31.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Plaintiff's complaint.

32.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 32 as they relate to these Defendants.

33.   The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 33 as they relate to these Defendants.

34.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 34 as they relate to these Defendants.

35.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 35 as they relate to these Defendants.

36.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 36 as they relate to these Defendants.

37.    The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff.   The Defendants further deny the remaining allegations set forth in paragraph 37 as they relate to these Defendants.

38.    The Defendants are without information or knowledge sufficient to form a

belief as to the truth of the allegations set forth in paragraph 38 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff. The Defendants further aver that Defendant Stepanovich returned certain documents to the Plaintiff that had been forwarded to him by Mr. Gigliotti. The Defendants deny all remaining allegations set forth in paragraph 38 of the Plaintiff's complaint.

39. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Plaintiff's complaint regarding any representations Defendant Gigliotti may have made to the Plaintiff. The Defendants further deny the remaining allegations set forth in paragraph 39 as they relate to these Defendants.

40. The Defendants admit that it has been more than a year since President William J. Clinton left the office of the presidency. The Defendants further deny the remaining allegations set forth in paragraph 40 of the Plaintiff's complaint.

41. The Defendants state that the allegations set forth in paragraph 41 of the Plaintiff's complaint state legal conclusions, for which the Defendants have no duty or obligation to provide a responsive pleading. To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

42. The Defendants state that the allegations set forth in paragraph 42 of the

Plaintiff's complaint state legal conclusions, for which the Defendants have no duty or obligation to provide a responsive pleading. To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

43.    The Defendants state that the allegations set forth in paragraph 43 of the Plaintiff's complaint state legal conclusions, for which the Defendants have no duty or obligation to provide a responsive pleading. To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

44.    The Defendants state that the allegations set forth in paragraph 44 of the Plaintiff's complaint state legal conclusions, for which the Defendants have no duty or obligation to provide a responsive pleading. To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

### First Defense

The Plaintiff's complaint fails to state a claim upon which relief may be granted against the Defendants.

### Second Defense

The Defendants deny that Defendant Gigliotti was an agent, servant, or employee of

the Defendants during the pertinent times alleged in the Plaintiff's complaint. Rather, Mr. Gigliotti was never associated with Defendant ACLJ or Defendant Stepanovich, and was terminated from his employment with CBN on June 19, 1995. Accordingly, the doctrine of respondeat superior is inapplicable to the Plaintiff's complaint and cannot form the basis for any theory of recovery.

### Third Defense

The District Court for the Northern District of West Virginia lacks personal jurisdiction over these Defendants. Furthermore, the Circuit Court of Monongalia County, West Virginia, from which this civil action was removed, also lacks personal jurisdiction over these Defendants.

### Fourth Defense

To the extent discovery may reveal them to be appropriate, the Defendants reserve the right to assert the defenses of accord and satisfaction, estoppel, statute of fraud, laches, and any applicable statutes of limitation.

### Fifth Defense

The Defendants are not advised of the nature or extent of the damages and injuries alleged by the Plaintiff and calls upon him for full and strict proof thereof.

### Sixth Defense

The Defendants deny that the alleged damages, if any, suffered by the Plaintiff are the result of an act or omission, or acts or omissions by the Defendants.

### Seventh Defense

The Defendants, not being fully advised as to all of the facts and circumstances surrounding the claims made by the Plaintiff, hereby assert and reserve unto themselves the defense that the Plaintiff may have failed to mitigate his damages, and to the extent thereof is barred from recovery.

### Eighth Defense

The damages alleged in this action may have been caused by persons, events, or third parties other than these Defendants over whom these Defendants had no control or vicarious responsibility.  To the extent the damages alleged in this action may have been the result of such independent, unforeseeable, superseding and/or intervening cause, these Defendants hereby assert said circumstances by way of affirmative defense.

### Ninth Defense

All damages, if any, as alleged in the Plaintiff's complaint, were solely and proximately caused by acts or omissions over which the Defendants had no control and, as such, recovery from the Defendants is barred.

### Tenth Defense

The Defendants reserve the right to assert any and all further applicable affirmative defenses which discovery may reveal applicable.

### Eleventh Defense

The Defendants, not being fully advised as to all of the facts of circumstances surrounding the claims filed by the Plaintiff, denies that any action on the part of the

Defendants caused any of the damages alleged by the Plaintiff.

### Twelfth Defense

The Defendants, not being fully advised as to all of the facts of circumstances surrounding the claims made by the Plaintiff, hereby assert and reserve unto themselves the defense that any damages or injuries to the Plaintiff, if any, were the proximate result of preexisting and subsequent injuries or conditions of the Plaintiff. The Defendants incorporate in their answer to the Plaintiff's complaint, by reference, any other special defenses plead by other Defendants or other parties who are or may be joined in this civil action.

### Thirteenth Defense

The Defendants were not guilty of any negligence or willful or reckless conduct which was a direct or proximate cause of the Plaintiff's alleged damages.

### Fourteenth Defense

The Defendants, not being fully advised as to all of the facts of circumstances surrounding the claims made by the Plaintiff, hereby reserve unto themselves and assert the defenses of assumption of the risk, contributory negligence and comparative negligence.

### Fifteenth Defense

The Defendants deny each and every matter and allegation contained in the complaint not herein expressly admitted.

### Sixteenth Defense

The Defendants affirmatively deny that any attorney/client relationship ever arose

or existed between the Plaintiff and Mr. Stepanovich or the ACLJ.

### Seventeenth Defense

The Defendants affirmatively deny that any fiduciary relationship ever existed between the Plaintiff and any of the Defendants.

### Eighteenth Defense

The Defendants deny that CBN ever promised, contracted, offered, or otherwise agreed to publicize the Plaintiff's grievances in any form or through any medium.

WHEREFORE, the Defendants, The American Center for Law and Justice, Inc., The Christian Broadcasting Network, Inc., and John Stepanovich, request that the Plaintiff's complaint be dismissed with prejudice and that they be awarded judgment for their costs, expenses, and attorney's fees expended in responding to this civil action, and such other relief as the court may deem appropriate.

Respectfully submitted,

**THE AMERICAN CENTER FOR LAW AND JUSTICE, INC., THE CHRISTIAN BROADCASTING NETWORK, INC., and JOHN STEPANOVICH**

By Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**ROBERT HART**,

       Plaintiff,

v.

**THE CHRISTIAN BROADCASTING
NETWORK, INC., AMERICAN CENTER
for LAW AND JUSTICE, INC., JON
GIGLIOTTI,** individually, and **JOHN
STEPANOVICH,** individually,

       Defendants.

CIVIL ACTION NO. _____
(Removed from the Circuit Court
of Monongalia County
Civil Action No. 02-C-284)

## CERTIFICATE OF SERVICE

    I, Charles J. Crooks, do hereby certify that I served the foregoing **"ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS AMERICAN CENTER FOR LAW AND JUSTICE, CHRISTIAN BROADCASTING NETWORK, AND JOHN STEPANOVICH"** upon the following, by mailing a copy thereof by United States Postal Service, postage prepaid, this 29th day of May, 2002.

       Robert Hart
       58 St. Clairs Village
       Morgantown, WV 26505
       *Pro Se*

       Charles J. Crooks, Esquire
       WV State Bar I.D. No. 4633

M0366598.1